**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| BENJAMIN D. TARVER,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>REPUBLIC FINANCE, LLC,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.
6:26-cv-00986-AGM-NWH

COMPLAINT

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Benjamin D. Tarver ("Plaintiff"), proceeding pro se, sues Defendant Republic Finance, LLC ("Republic" or "Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq.

2. Plaintiff brings this action to redress Defendant's repeated and continuing conduct involving allegedly inaccurate credit reporting, unreasonable reinvestigation practices, continued publication of disputed information after notice, and repeated electronic collection communications allegedly sent after Defendant had received written notice directing that such communications cease.

3. Plaintiff alleges that Defendant continued furnishing and/or verifying materially inaccurate or misleading information concerning Plaintiff's consumer account after Plaintiff submitted detailed written disputes to the national consumer reporting agencies.

1

4. Plaintiff further alleges that Defendant continued transmitting electronic collection communications to Plaintiff after receipt of written cease communication directives.

5. Plaintiff contends that Defendant's conduct caused substantial emotional distress, aggravation, anxiety, reputational harm, frustration, invasion of privacy, credit-related harm, time expenditure, and interference with Plaintiff's financial affairs.

6. Plaintiff seeks all available actual damages, statutory damages, punitive damages where authorized, attorney's fees where recoverable by statute, costs, equitable relief, and such other relief as this Court deems just and proper.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

8. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims occurred within this District and Plaintiff resides within this District.

10. At all times material hereto, Defendant conducted business within the State of Florida and engaged in interstate commerce.

## PARTIES

11. Plaintiff, Benjamin D. Tarver, is a natural person and consumer residing in Orange County, Florida.

12. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act.

13. Defendant Republic Finance, LLC is a business entity engaged in the extension and collection of consumer credit.

14. Upon information and belief, Defendant regularly furnishes information to consumer reporting agencies concerning consumer accounts.

15. Upon information and belief, Defendant regularly uses interstate instrumentalities, including electronic mail and interstate communications systems, in connection with the servicing and collection of consumer accounts.

## GENERAL FACTUAL ALLEGATIONS

**The Loan Account**

16. Plaintiff entered into a consumer loan transaction with Defendant concerning a personal loan account.

17. The loan was primarily for personal, family, or household purposes.

18. The original amount financed was approximately $7,831.45.

19. The account later became disputed between the parties.

20. At various times thereafter, Defendant engaged in collection activity directed toward Plaintiff.

3

**Defendant's Credit Reporting Activities**

21. During the relevant time period, Defendant furnished information regarding Plaintiff's account to one or more national consumer reporting agencies, including Equifax, Experian, and TransUnion.

22. Plaintiff obtained copies of his consumer credit reports and observed information he believed to be materially inaccurate, misleading, contradictory, incomplete, or incapable of accurate interpretation by prospective users of the reports.

23. Among other things, Plaintiff observed that Defendant's account was allegedly reported in a charged-off and/or collection status while simultaneously reflecting an ongoing scheduled monthly payment obligation.

24. Plaintiff believed such reporting created a materially misleading and internally inconsistent depiction of the status of the account.

25. Plaintiff further believed the reporting inaccurately portrayed the account as simultaneously subject to active scheduled payment obligations while also reported as charged off or in collection.

26. Plaintiff disputed the reporting in writing.

**Plaintiff's Written Disputes**

27. On or about February 2, 2026, Plaintiff submitted written disputes to Equifax, Experian, and TransUnion. True and correct copies of Plaintiff's dispute correspondence are attached hereto as Exhibit C.

4

28. In those disputes, Plaintiff specifically identified the alleged inconsistency concerning the reporting of a scheduled monthly payment amount in conjunction with a charged-off and/or collection status.

29. Plaintiff requested reinvestigation and correction of the disputed information.

30. Plaintiff provided sufficient information to identify the account and explain the nature of the dispute.

31. Upon information and belief, the consumer reporting agencies transmitted notice of Plaintiff's disputes to Defendant.

32. Plaintiff thereafter received reinvestigation responses indicating that the account information had been verified or otherwise allowed to remain substantially unchanged. Copies of the consumer reporting agencies' reinvestigation and verification responses are attached hereto as Exhibit D.

33. Plaintiff contends that Defendant failed to conduct a reasonable investigation after receiving notice of the disputes.

34. Plaintiff further contends that Defendant continued furnishing and/or verifying information that was materially inaccurate, misleading, incomplete, internally inconsistent, or susceptible to materially misleading interpretation.

35. Plaintiff alleges that Defendant either knew, should have known, or recklessly disregarded the likelihood that the disputed reporting would create misleading credit impressions.

36. Plaintiff continued monitoring his credit reports thereafter.

37. Plaintiff obtained updated consumer credit reports during or around May 2026.

38. Plaintiff observed that the disputed reporting allegedly continued to appear after the dispute and reinvestigation process.

39. Plaintiff contends that the continued reporting and publication of the disputed information exacerbated the harm caused by Defendant's conduct.

40. Plaintiff further contends that Defendant continued allowing disputed information to be furnished, published, displayed, verified, updated, or otherwise communicated concerning Plaintiff's account after receiving notice of the dispute.

41. Plaintiff alleges that Defendant's conduct was negligent, reckless, willful, intentional, and/or undertaken with conscious disregard of Plaintiff's statutory rights.

**Cease Communication Notice**

42. Plaintiff provided Defendant with written notice directing Defendant to cease certain communications directed to Plaintiff. A true and correct copy of the written cease communication notice is attached hereto as Exhibit A.

43. Plaintiff's written notice expressly requested that Defendant discontinue communications concerning the debt.

44. Defendant received or should reasonably have received the notice.

45. Despite receipt of the notice, Defendant allegedly continued transmitting electronic communications to Plaintiff. Representative post-notice electronic communications are attached hereto as Exhibit B.

46. Those communications included payment solicitations, account reminders, collection-oriented messaging, requests for payment, and related electronic account communications.

47. Plaintiff contends that Defendant transmitted multiple such communications after receipt of Plaintiff's written cease communication directive.

48. Plaintiff alleges that Defendant's continued communications were knowing, willful, intentional, reckless, and/or undertaken with conscious disregard of Plaintiff's rights.

49. Plaintiff contends that the continued communications caused aggravation, anxiety, frustration, emotional distress, embarrassment, and invasion of privacy.

**Harm and Damages**

50. As a result of Defendant's conduct, Plaintiff suffered actual damages.

51. Plaintiff experienced stress, anxiety, emotional distress, frustration, humiliation, aggravation, and mental anguish.

52. Plaintiff expended substantial time attempting to investigate, dispute, correct, and monitor the disputed reporting and collection activity.

53. Plaintiff experienced concern regarding the impact of the reporting on his creditworthiness, financial reputation, and ability to obtain favorable credit terms.

54. Plaintiff experienced disruption to his daily affairs and peace of mind.

55. Plaintiff alleges that Defendant's conduct caused continuing and ongoing harm.

56. Plaintiff further alleges that Defendant's conduct was part of a pattern or practice demonstrating conscious disregard for consumer rights and statutory compliance obligations.

## COUNT I
## FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)

57. Plaintiff realleges and incorporates by reference Paragraphs 1 through 56 as though fully set forth herein.

58. Defendant furnished information concerning Plaintiff to one or more consumer reporting agencies.

59. Plaintiff disputed the reporting with the consumer reporting agencies.

60. Upon information and belief, the consumer reporting agencies transmitted notice of the disputes to Defendant.

61. After receiving notice of the disputes, Defendant had statutory obligations under the Fair Credit Reporting Act, including obligations to:

    a. conduct a reasonable investigation;

    b. review all relevant information provided by the consumer reporting agencies;

    c. report accurate results of the investigation;

    d. correct, delete, or modify information found to be inaccurate or incomplete; and

    e. refrain from continuing to furnish information known to be inaccurate or materially misleading.

62. Plaintiff alleges that Defendant failed to conduct a reasonable investigation.

63. Plaintiff further alleges that Defendant continued verifying, furnishing, publishing, or allowing publication of materially inaccurate, incomplete, contradictory, misleading, or misleadingly presented information.

8

64. Plaintiff alleges that Defendant failed to implement and/or follow reasonable procedures to ensure accuracy and consistency in its reporting practices.

65. Plaintiff alleges that Defendant continued verifying disputed information despite receiving detailed written notice identifying the alleged inaccuracies.

66. Plaintiff alleges that Defendant's conduct was negligent.

67. Plaintiff further alleges that Defendant's conduct was reckless, willful, intentional, and/or undertaken in conscious disregard of Plaintiff's rights under the Fair Credit Reporting Act.

68. Plaintiff alleges that Defendant knew or should have known that inaccurate or materially misleading reporting could adversely impact Plaintiff's credit standing, reputation, and financial opportunities.

69. Plaintiff contends that Defendant nevertheless continued verifying and/or furnishing disputed information.

70. As a direct and proximate result of Defendant's conduct, Plaintiff suffered actual damages, including emotional distress, anxiety, aggravation, frustration, reputational harm, time expenditure, and credit-related harm.

71. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o and/or § 1681n.

72. Plaintiff is further entitled to statutory and punitive damages to the extent permitted by law.

## COUNT II
## FAIR CREDIT REPORTING ACT
## WILLFUL NONCOMPLIANCE
## 15 U.S.C. § 1681n

73. Plaintiff realleges and incorporates by reference Paragraphs 1 through 72 as though fully set forth herein.

74. Plaintiff alleges that Defendant's conduct was willful within the meaning of the Fair Credit Reporting Act.

75. Plaintiff alleges that Defendant acted knowingly, recklessly, and/or with conscious disregard for Plaintiff's federally protected rights.

76. Plaintiff alleges that Defendant continued furnishing and/or verifying disputed information after receiving notice identifying the alleged inaccuracies.

77. Plaintiff further alleges that Defendant failed to maintain reasonable compliance systems and procedures designed to prevent inaccurate or misleading reporting.

78. Plaintiff alleges that Defendant's conduct exposed Plaintiff to continuing publication of disputed information.

79. Plaintiff seeks all damages authorized by 15 U.S.C. § 1681n, including actual damages, statutory damages, punitive damages, costs, and any other relief authorized by law.

## COUNT III
## FLORIDA CONSUMER COLLECTION PRACTICES ACT
## FLA. STAT. § 559.72

80. Plaintiff realleges and incorporates by reference Paragraphs 1 through 79 as though fully set forth herein.

81. Defendant engaged in consumer collection activity directed toward Plaintiff.

10

82. Plaintiff transmitted written notice directing Defendant to cease communications.

83. Defendant received or reasonably should have received the notice.

84. Despite the notice, Defendant allegedly continued transmitting electronic communications to Plaintiff.

85. Those communications included repeated requests for payment, account reminders, collection-oriented messaging, and related debt collection communications.

86. Plaintiff alleges that Defendant's conduct violated the Florida Consumer Collection Practices Act.

87. Plaintiff further alleges that Defendant's conduct was knowing, willful, intentional, and/or undertaken with reckless disregard of Plaintiff's rights.

88. Plaintiff contends that Defendant's repeated communications after notice caused substantial aggravation, anxiety, emotional distress, frustration, embarrassment, invasion of privacy, and related damages.

89. As a direct and proximate result of Defendant's conduct, Plaintiff suffered actual damages.

90. Plaintiff is entitled to all damages authorized under Florida law, including statutory damages, actual damages, punitive damages where authorized, costs, and attorney's fees to the extent permitted by statute.

## DEMAND FOR JURY TRIAL

91. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and award:

A. Actual damages;

B. Statutory damages;

C. Punitive damages where authorized by law;

D. Costs of suit;

E. Attorney's fees to the extent recoverable by statute;

F. Prejudgment and post-judgment interest;

G. Declaratory and equitable relief as appropriate;

H. Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

BENJAMIN D. TARVER
450 South Orange Ave, 3rd Floor
Orlando, FL  32801
T: 407-308-2968
E: litigation@civilfilings.com
*Self-Represented Litigant*

Dated: May 11, 2026