## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

BENJAMIN D. TARVER,      )

                            )

    Plaintiff,            )

                            )

    v.                 )     Case No. 6:26-cv-00986-AGM-NWH

                            )

REPUBLIC FINANCE, LLC,    )

                            )

    Defendant.         )

_____)

## REPUBLIC FINANCE, LLC'S ANSWER

Defendant, Republic Finance LLC ("Republic"), answers the Complaint (Doc. 1, the "Complaint") of Plaintiff, Benjamin D. Tarver, using the headings in the Complaint for the sake of clarity, though not adopting them, and states:

## INTRODUCTION

1.    Republic admits Plaintiff purports to bring this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") and Section 559.55 *et seq.*, Florida Statutes, the Florida Consumer Collection Practices Act ("FCCPA"), which speak for themselves. Republic denies having violated the FCRA or the FCCPA or committing any wrongdoing whatsoever with respect to Plaintiff, and denies the remaining allegations contained in Paragraph 1. Republic states further that Plaintiff's claims in this action are subject of a previously filed, currently

pending active arbitration before the American Arbitration Association ("AAA"), which is the proper forum for Plaintiff's claims.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Republic expressly denies Plaintiff is entitled to any damages, or any relief whatsoever, against Republic, including without waiver, any of the relief sought in Paragraph 6 of the Complaint. Republic denies any remaining allegations contained in Paragraph 6.

## **JURISDICTION**

7. Subject to the arguments and rights described in Republic's pending Motion to Compel Arbitration and the orders of court requiring arbitration of Plaintiff's claims and reserving the right to challenge whether Plaintiff has standing to bring his claims, Republic does not dispute that this Court has subject matter jurisdiction over Plaintiff's FCRA claim, but denies the remaining allegations contained in Paragraph 7.

8. Subject to the arguments and rights described in Republic's pending Motion to Compel Arbitration and the orders of court requiring arbitration of Plaintiff's claims and reserving the right to challenge whether Plaintiff has standing

to bring his claims, Republic does not dispute that this Court may exercise supplemental jurisdiction of Plaintiff's state law claims, but denies that it is appropriate to do so here, and further denies the remaining allegations contained in Paragraph 8.

9. Denied.

10. Republic admits it engaged in interstate commerce with respect to Tarver's loan. Republic denies doing business in Florida and denies the remaining allegations contained in Paragraph 10.

**PARTIES**

11. Republic admits upon information and belief that Plaintiff is a resident of Orange County, Florida. Republic denies the remaining allegations contained in Paragraph 11.

12. Denied.

13. Republic admits that part of its business includes the extension of personal loans to individuals and, at times, efforts to collect such loans if and when they go into default. Republic denies the remaining allegations contained in Paragraph 13.

14. Republic admits that it may, from time to time, provide information to consumer reporting agencies concerning its customers' accounts. Republic denies the remaining allegations contained in Paragraph 14.

15.    Republic admits that its business can involve interstate commerce. Republic denies the remaining allegations contained in Paragraph 15.

## GENERAL FACTUAL ALLEGATIONS

**The Loan Account**

16.    Admitted.

17.    Republic lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17, which operates as a denial.

18.    Admitted.

19.    Republic admits that Plaintiff defaulted on his Republic loan, and an arbitration commenced by Plaintiff on March 3, 2026 between the parties is currently pending before the AAA. Republic denies the remaining allegations contained in Paragraph 19.

20.    Republic admits that it made lawful attempts to collect Plaintiff's defaulted loan. Republic denies the remaining allegations contained in Paragraph 20.

**Defendant's Credit Reporting Activities**

21.    Republic admits that it communicated information regarding Plaintiff's loan to at least one consumer reporting agency. Republic denies the remaining allegations contained in Paragraph 21.

22.    Republic lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22, which operates as a denial.

23. Republic lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23, which operates as a denial.

24. Denied.

25. Denied.

26. Republic lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26, which operates as a denial.

**Plaintiff's Written Disputes**

27. Exhibit C to the Complaint speaks for itself. Republic denies the remaining allegations contained in Paragraph 27.

28. Exhibit C to the Complaint speaks for itself. Republic denies the remaining allegations contained in Paragraph 28.

29. Exhibit C to the Complaint speaks for itself. Republic denies the remaining allegations contained in Paragraph 29.

30. Exhibit C to the Complaint speaks for itself. Republic denies the remaining allegations contained in Paragraph 30.

31. Republic admits that it received notification of disputes regarding Plaintiff's Republic account from one or more of the consumer credit bureaus. Republic denies the remaining allegations contained in Paragraph 31.

32. Exhibit D to the Complaint speaks for itself. Republic admits that following its reasonable investigation into Plaintiff's disputes, Republic confirmed

the accuracy of its previous reporting on Plaintiff's account. The remaining allegations contained in Paragraph 32 are denied.

33. Denied.

34. Denied.

35. Denied.

36. Republic lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36, which operates as a denial.

37. Republic lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 37, which operates as a denial.

38. Republic lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38, which operates as a denial.

39. Denied.

40. Denied.

41. Denied.

**Cease Communication Notice**

42. Exhibit A speaks for itself. Republic denies the allegations contained in Paragraph 42.

43. Exhibit A speaks for itself. Republic denies the allegations contained in Paragraph 43.

44.     Republic admits it ultimately received a letter substantially similar to the one attached to the Complaint as Exhibit A, which speaks for itself. Republic denies the remaining allegations contained in Paragraph 44.

45.     Republic admits it sent or caused to be sent certain communications to Plaintiff regarding his account after Republic's receipt of the letter attached to the Complaint as Exhibit A, which letter speaks for itself. Exhibit B to the Complaint speaks for itself. Republic denies the remaining allegations contained in Paragraph 45.

46.     Exhibit B to the Complaint speaks for itself. Republic denies the remaining allegations contained in Paragraph 46.

47.     Exhibit B to the Complaint speaks for itself. Republic denies the remaining allegations contained in Paragraph 47.

48.     Denied.

49.     Denied.

**Harm and Damages**

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

7

55. Denied.

56. Denied.

## <u>COUNT I</u>
## FAIR CREDIT REPORTING ACT
## 15 U.S.C § 1681s-2(b)

57. Republic adopts and incorporates its previous defenses, responses, and denials to each of the foregoing Paragraphs as if fully set forth herein.

58. Republic admits it provided accurate information regarding Plaintiff's Republic loan account to one or more consumer reporting agencies. Republic denies the remaining allegations contained in Paragraph 58.

59. Republic lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 59, which operates as a denial.

60. Republic admits that it received notification of disputes regarding Plaintiff's Republic account from one or more of the consumer credit bureaus. Republic denies the remaining allegations contained in Paragraph 60.

61. The FCRA speaks for itself. The allegations contained in Paragraph 61 are legal conclusions requiring no response. To the extent a response is required, Republic denies that it violated the FCRA or any wrongdoing whatsoever with respect to Plaintiff.

62. Denied.

63. Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

## COUNT II
## FAIR CREDIT REPORTING ACT
## WILLFUL NONCOMPLIANCE
## 15 U.S.C § 1681n

73.    Republic adopts and incorporates its previous defenses, responses, and

denials to each of the foregoing Paragraphs as if fully set forth herein.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

## COUNT III
## FLORIDA CONSUMER COLLECTION PRACTICES ACT
## FLA. STAT. § 559.72

80.    Republic adopts and incorporates its previous defenses, responses, and denials to each of the foregoing Paragraphs as if fully set forth herein.

81.    The FCCPA speaks for itself. The allegations contained in Paragraph 81 are legal conclusions requiring no response. To the extent a response is required, denied.

82.    Exhibit A to the Complaint speaks for itself. Republic denies the allegations contained in Paragraph 82.

83.    Republic admits it received a letter substantially similar to the one attached to the Complaint as Exhibit A, which speaks for itself. Republic denies the remaining allegations contained in Paragraph 83.

84.    Republic admits it sent or caused to be sent certain communications to Plaintiff regarding his account after Republic's receipt of the letter attached to the Complaint as Exhibit A, which letter speaks for itself. Republic denies the remaining allegations contained in Paragraph 84.

85.    Republic admits it sent or caused to be sent certain communications to Plaintiff regarding his account after Republic's receipt of the letter attached to the Complaint as Exhibit A, which letter speaks for itself. Exhibit B to the Complaint

speaks for itself. Republic denies the remaining allegations contained in Paragraph 85.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

## DEMAND FOR JURY TRIAL

91.    Republic denies Plaintiff is entitled to a trial by jury of his claims, which are subject to the mandatory arbitration currently pending between the parties pursuant to their binding agreements.

## PRAYER FOR RELIEF

Republic denies that Plaintiff is entitled to any of the relief requests against it, or any relief whatsoever, including without waiver, any of the relief sought in the unnumbered Paragraph beginning with "**WHEREFORE.**".

11

## AFFIRMATIVE AND GENERAL DEFENSES

At the time of the preparation of this Answer, Republic is unaware of all of the facts and circumstances giving rise to the claims set forth in Plaintiff's Complaint. The following defenses are raised so as not to be waived as a matter of law. These defenses will be relied upon to the extent the facts developed show that they apply. Republic reserves the right to assert additional defenses, which Republic is not required to list as affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to binding, mandatory arbitration which is currently pending before the AAA. Republic does not waive and expressly reserves the right to compel arbitration prior to substantially invoking the litigation process.

## THIRD AFFIRMATIVE DEFENSE

If Republic violated any applicable statutory provision, which is expressly denied, such violation resulted from good faith reliance upon incorrect information (existence of such incorrect information being expressly denied) offered by another person.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has no standing and cannot recover under some of all of his claims because she has no actual injury.

**FIFTH AFFIRMATIVE DEFENSE**

Republic asserts all defenses and limitations of remedy available to it under the FCRA, the FCCPA, and/or any other statute applicable to this case.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Republic are barred because Plaintiff has not suffered any actual damages or loss as a result of the alleged acts and/or omissions of Republic.

**EIGHTH AFFIRMATIVE DEFENSE**

Any damages allegedly sustained by Plaintiff were not proximately caused by an act or omission of Republic.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

13

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing because Plaintiff does not possess any evidence that Republic's actions caused his actual injury.

## TWELFTH AFFIRMATIVE DEFENSE

Republic is not responsible for acts of third parties that may have caused Plaintiff harm.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery is barred, or must be reduced, because of superseding or intervening acts or causes, or the acts or omissions of third parties over whom Republic had neither control nor responsibility.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiff were, at least in part, caused by the action of Plaintiff or resulted from Plaintiff's own inattention, which equaled or exceeded any alleged wrongdoing by Republic.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of others or resulted from the actions and/or omissions of third parties.

14

## SIXTEENTH AFFIRMATIVE DEFENSE

Recovery of punitive or exemplary damages is barred, or must be reduced, under, among others, the provisions of the Fifth, Eighth, and Fourteenth Amendment of the United States Constitution and the corresponding provisions of the Constitutions of the States of Florida and Alabama.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Republic reserves the right to raise as an affirmative defense herein any other defenses that may be applicable to Republic.

Respectfully submitted this 8th day of June, 2026.

**BALCH & BINGHAM LLP**

*/s/  Christopher K. Walker*
Christopher K. Walker
Florida Bar No. 117993
Email: cwalker@balch.com
50 N Laura Street, Suite 2100
Jacksonville, FL 32202
Telephone: (904) 348-6879
Facsimile: (904) 396-9001
*Attorney for Defendant*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this 8th day of June, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send electronic notice to all parties registered to receive electronic notice, including Plaintiff Benjamin D. Tarver at litigation@civilfilings.com.

*/s/ Christopher K. Walker*
Christopher K. Walker