# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

BENJAMIN D. TARVER,                                    Case No. 6:26-cv-00986-AGM-NWH

        Plaintiff,

v.

REPUBLIC FINANCE LLC,

        Defendant,

_____/

**AFFIDAVIT IN SUPPORT OF
REPUBLIC FINANCE, LLC'S MOTION TO COMPEL ARBITRATION**

STATE OF LOUISIANA        )
                          )
ASCENSION PARISH        )

Katie Sumner, being duly sworn, deposes and says:

1.     I am above the age of 18 years and make the statements contained herein based on personal knowledge.

2.     I currently serve as the SVP, Deputy General Counsel and custodian of records for Defendant Republic Finance, LLC ("Republic").

3.     As Republic's SVP, Deputy General Counsel and custodian of records, I am familiar and have personal knowledge of the business records of Republic, which were created at or near the time by or from information transmitted by a person with knowledge of the matters therein, kept in the course of a regularly conducted business activity, and made by the regularly conducted activity as a regular practice.

4.      I additionally have personal knowledge of the practices and procedures of Republic, as well as the facts set forth in this affidavit, and the actions of Republic with respect to the transactions described herein.

5.      On August 29, 2024, Benajmin D. Tarver obtained a loan (the "Loan") in the face amount of $14,902.14 from Republic.

6.      The Loan was evidenced and governed by a note (the "Note"), signed and agreed to by Tarver. A true and correct copy of the Note is attached hereto as **Exhibit "1"**.

7.      Also on August 29, 2024, Tarver signed and agreed to the terms of the Binding (Mandatory) Arbitration Agreement and Waiver of Jury Trial (the "Arbitration Agreement"). A true and correct copy of the Arbitration Agreement is attached hereto as **Exhibit "2"**.

8.      Tarver failed to make payments on his Loan as required under the Note.

9.      On or about April 3, 2026, Republic received notification that Tarver had initiated arbitration proceedings against it before the American Arbitration Association. A true and correct copy of Tarver's Demand for Arbitration commencing that arbitration proceeding, along with additional filings submitted by Tarver describing and amending his claims against Republic in the arbitration, are attached hereto as collective **Exhibit "3"**.


        Further the affiant sayeth naught.




        *[The remainder of this page has been left intentionally blank. Signature page follows.]*


2

Dated this _8th_ day of _June_ , 2026.

_Katie Sumner_

Katie Sumner, SVP, Deputy General Counsel
for Republic Finance, LLC

STATE OF LOUISIANA                )
                                  )
_Ascension_ COUNTY/PARISH         )

I, the undersigned notary public in and for said county in said state, hereby certify that Katie Sumner, whose name as SVP, Deputy General Counsel for Republic Finance, LLC, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he/she, as such authorized representative executed the same voluntarily.

Given under my hand this _8th_ day of _June_ , 2026.

Notary Public
My Commission Expires ___At Death___

ADAM R. DENIGER
NOTARY ID NUMBER 147120
BAR ROLL NUMBER 36743
STATE OF LOUISIANA
COMMISSION EXPIRES UPON DEATH

# EXHIBIT "1"

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

**COMBINATION PROMISSORY NOTE, TRUTH IN LENDING DISCLOSURE STATEMENT AND SECURITY AGREEMENT ("Contract")**

Direct Interest Bearing
Alabama Mini-Code

Loan Date: 08/29/2024

Account No.: ____6291

BORROWER: Benjamin D. Tarver
(Print Full Name)

PO Box 421922          Houston                    TX         77242-
(Street No.)           (City)          (County)   (State)    (Zip)

CO-BORROWER: _____
(Print Full Name)

_____  _____  _____  _____  _____
(Street No.)           (City)          (County)   (State)    (Zip)

LENDER: **Republic Finance, LLC 1234 Hillcrest Road, Suite A, Mobile, AL 36695**
(Name)        (Street No.)        (City)       (County)   (State)    (Zip)

**Property:** My loan is secured by the following items (collectively, the "Property"), as provided in the Security Agreement on the following pages:

1 Of 2 Husqavanara Zero Turn 54' Riding Mower 2022, $4500; Assorted Hand Tools 2020, $700; 1 Of 4 Tvs Sony 56 Inch 2020, $700; 2 Of 4 Tvs Sony 34 Inch 2020, $500; 3 Of 4 Tvs Vizio 52 Inch 2020, $600; Xbox One 2020, $500; Charbroil Grill 2019, $500; Milwaukee Drill Set 2019, $400; Milwauke Air Compressor 2019, $500; 2022 Woodway Treadmill, $1200; Maxkare Elliptical 2021, $600; (3) Mossburg 12 Guage Shot Gun 2020, $1500

111/8287/76291

_____, with any additional collateral described on Schedule A.

Additionally, I affirm that the values indicated above for the Property securing my loan are correct.

| **ANNUAL PERCENTAGE RATE** The cost of my loan as a yearly rate. | **FINANCE CHARGE** The dollar amount my loan will cost me. | **Amount Financed** The amount of credit provided to me or on my behalf. | **Total of Payments** The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 35.990 % | $ 7,070.69 | $ 7,831.45 | $ 14,902.14 |

**NOT APPLICABLE UNLESS CHECKED**

**Payment Schedule:** My loan is repayable as follows:

| Number of Payments | Amount | When Payments Are Due |
|---|---|---|
| An Initial Installment Payment of: | $332.14 | Due on 10/01/2024 , followed by |
| 47   Equal Installment Payments of: | $310.00 | On the same day of each month thereafter. |

**Late Payment:** If a scheduled payment is 10 days or more late, I agree to pay a late charge equal to 5% of the portion of the scheduled payment in default or $18, whichever is greater, not to exceed $100.

**Prepayment:** If I prepay in full or part, I will not have to pay a penalty. I may be entitled to a refund of part of the finance charge.

**Security Interest:** My loan is secured by the following property: [ ] The goods or property being purchased with the loan proceeds. [X] Certain Household Goods [ ] Motor Vehicle(s) [ ] Unsecured [ ] Collateral securing other loans with us may also secure this loan. [ ] Other Collateral (brief description): _____

**Credit Insurance:** Credit life insurance, credit disability insurance, and/or credit involuntary unemployment insurance are not required in order to obtain this loan and will not be provided unless I (we) sign below. I (We) have the option of voluntarily electing to purchase credit insurance through you.

| Insurance Type | Premium | Term | Signature: I (We) want voluntary credit life and/or credit disability and/or credit involuntary unemployment insurance as indicated by the signature below. |
|---|---|---|---|
| Credit Life Insurance [ ] Single [ ] Decreasing [ ] Joint [ ] Level | $ 0.00 | 0 Mos. | |
| Credit Disability Insurance Rider (single) | $ 0.00 | 0 Mos. | |
| Credit Involuntary Unemployment Insurance | $ 0.00 | 0 Mos. | |

[ ] **Motor Vehicle Property Insurance:** I may purchase required property insurance on my motor vehicle securing this loan through any person of my choice acceptable to you. If I choose to purchase required property insurance from you, the cost will be $0.00 for a term of 0 months.

[X] **Property Insurance (Non Motor Vehicle):** I may purchase required property insurance on my personal property (non-motor vehicle) securing this loan through any person of my choice acceptable to you. If I choose to purchase required property insurance from you, the cost will be $575.61 for a term of 48 months.

**Contract Reference:** I should look to my Note and Security Agreement for additional information about non-payment, default, your right to accelerate payment, and prepayment rebates.

"e"=estimate

**Itemization of the Amount Financed**

| | | | | |
|---|---|---|---|---|
| (A) Amount Paid Directly to Me (cash advance) | $ 5,016.12 | (3) Amounts Paid to Public Officials for: | | |
| (B) Amount Credited To My Existing Loan(s) with You | $ 2,239.72 | (a) Filing and Termination Fees | $ | 0.00 |
| (C) Amounts Paid to You for: | | (b) _____ | $ | 0.00 |
| (1) Interest Surcharge | $ 120.00 | (c) _____ | $ | 0.00 |
| (D) Amounts Paid to Others on My Behalf | | (d) _____ | $ | 0.00 |
| *(Lender and/or its affiliates will receive and retain a portion of amounts in (1) and (2))* | | (e) _____ | $ | 0.00 |
| (1) To Insurance Companies for: | | (f) Total Amount Paid to Public Officials: | $ | 0.00 |
| (a) Credit Life Insurance | $ 0.00 | (4) Amounts Paid to _____ | $ | 0.00 |
| (b) Single Credit Disability Insurance | $ 0.00 | (5) Amounts Paid to _____ | $ | 0.00 |
| (c) Single Credit Involuntary Unemployment Insurance | $ 0.00 | (6) Amounts Paid to _____ | $ | 0.00 |
| (d) Property Insurance (motor vehicle) | $ 0.00 | (7) Amounts Paid to _____ | $ | 0.00 |
| (e) Property Insurance (non-motor vehicle) | $ 575.61 | (8) Amounts Paid to _____ | $ | 0.00 |
| (f) Non-Filing Insurance | $ 0.00 | (E) (Less) Prepaid Finance Charges | $ | 120.00 |
| Total Insurance Premiums | $ 575.61 | (F) Amount Financed (Sum of A through D minus E) | $ | 7,831.45 |
| (2) Motor Club | $ 0.00 | | | |

The Finance Charge of $7,070.69 includes: Interest (if each payment is timely made): $6,806.69, Interest Surcharge: $120.00, and Account Maintenance Fee: $144.00.

**SIGNATURE LINES AND PROMISSORY NOTE TERMS AND CONDITIONS ON PAGE 2**

Doc ID: 5c5ace366b51f425e52b81087726c33212365d87
The original document is owned by Republic Finance and this copy was created on Aug 29, 2024 10:29:29 AM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

Case 6:26-cv-00986-AGM-NWH      Document 21-1      Filed 06/16/26      Page 7 of 17 PageID 243

**PROMISSORY NOTE ("Note")**

State Contract Rate _____34.39___ % per annum          Contract Charge $6,806.69

**PROMISE TO PAY:** I promise to pay your order (to pay to the order of the Lender) at your offices in _____Mobile_____, Alabama, or such other place as you may designate in writing, the sum of: Seven Thousand Eight Hundred Thirty-One and 45/100

($7,831.45 ) DOLLARS, plus interest at a rate of __34.39__ % per annum on the outstanding balance from now until paid in full and other amounts described in this Note and included within the Finance Charge, in accordance with the Payment Schedule above.

I (We) acknowledge receipt of a completed copy of this Combination Promissory Note, Truth in Lending Disclosure Statement, and Security Agreement, and agree to their terms and conditions (as continued below). I (We) authorize you to make disbursements as itemized above. **The obligations and related claims of the parties to this Combination Promissory Note, Truth in Lending Disclosure Statement, and Security Agreement, are subject to the Arbitration Agreement signed as part of this transaction.**

### CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

WITNESS _____          BORROWER    Benjamin D. Tarver

WITNESS _____          CO-BORROWER _____

### Promissory Note Terms and Conditions Continued from Face Side

**Date of Loan**: The date the loan is made is the Loan Date on the prior page.

**Late Payment:** If a scheduled payment is 10 days or more late, I agree to pay a late charge equal to 5% of the portion of the scheduled payment in default or $18, whichever is greater, not to exceed $100.

**Default and Acceleration:** You have the right, at your option, to insist on immediate payment in full (to accelerate the maturity) of this Note upon any one or more of the following events: (1) If I fail to make payments under this Note when due; (2) If I am in default under any security agreement securing this Note; (3) If I am in default under any other credit extension with you; (4) If I should die, or become insolvent, or apply for bankruptcy or other relief from creditors; or (5) If you reasonably believe yourself to be insecure in the repayment of this Note.

**Attorney's Fees:** If the original amount financed under this Note exceeds $300, and you refer this Note to an attorney who is not your salaried employee for collection, I agree to pay your reasonable attorney's fees not to exceed 15% of the unpaid debt after default.

**NSF Check Charges:** In the event that I make any payment on this Note by check and my check is returned to you unpaid due to insufficient funds in my deposit account, I agree to pay you an additional NSF Check Charge of $30.00.

**Fee for Optional One-Time Payments:** To the extent not prohibited by applicable law, if I choose to make a payment using a method for which a third-party vendor charges a separate fee ("Convenience Fee"), I agree to pay a Convenience Fee for each one-time payment made through that payment method in an amount disclosed to me before I submit the payment. I understand there are payment options that do not involve payment of a Convenience Fee and that my selection of a payment method that involves a Convenience Fee is optional. I understand that any fee incurred is a separate fee owed to, and retained by, the third-party vendor and not you. Any such fees are not part of the unpaid principal balance of this Note. For electronic payments, I agree that the third-party vendor may charge the Convenience Fee using the same payment method and in the same transaction as my one-time payment.

**Interest Surcharge:** I agree to pay an interest surcharge of 6% of the principal amount of this Note, not to exceed $120. If I prepay all of the amount owed under this Note within 90 days of the date of this Note, I understand that I will be entitled to a refund or credit of a pro-rata portion of the interest surcharge that exceeds $25.

**Account Maintenance Fee:** I agree to pay you an account maintenance fee of $3 for each month of the scheduled period of repayment. I also understand that, if I prepay this Note in full, I will be entitled to receive a refund of the unearned portion of the account maintenance fee. My refund will be calculated according to the Rule of 78's, unless (1) the term of the Note exceeds 61 months, in which case the refund will be calculated using the actuarial method or (2) I renew or refinance the Note with you within 120 days of the date of this Note, in which case the refund will be calculated on a pro-rata basis. If I prepay this Note in part, you will not refund any portion of the Account Maintenance Fee.

**Interest Calculation Method:** Interest will be computed on this Note from time to time outstanding. Interest is calculated every day on a 365/365 basis. If my payment is early, I will pay less interest than if I pay on the scheduled day. If my payment is late, I will pay more interest. I promise to pay the Note to you or to your order, together with accrued interest by making payments in the amounts and at the times indicated in the payment schedule on the face side at the address shown or at any other address which you give to me.

**Additional Interest:** If you accelerate payment under this Note for any reason and file suit against me, or if this Note remains unpaid after its final payment date (indicated on the face side), I agree to pay additional interest on the unpaid principal balance of this Note at the Contract Rate (indicated on the face side) until this Contract is paid in full unless a lower rate is required by law.

**Payments, if any, to Insurance Companies and/or Motor Club Company:** I understand and agree that you will receive a portion of any payment(s) to the Insurance Company(ies) or the Motor Club Company as identified above, as commission for selling such products. In addition, I understand and agree that you may receive additional amounts from these Insurance Company(ies) for assuming the risk of loss on the insurance policies.

**Cancellation of Insurance:** If I purchased credit life insurance, credit disability insurance, credit involuntary unemployment insurance, or any property insurance ("voluntary insurance products") with my loan, I understand that I may cancel those voluntary insurance products at any time. If the voluntary insurance product is canceled within the first thirty (30) days of my loan, I will receive a credit to my loan for the full amount of voluntary insurance product premiums and any finance charges (including interest) associated with the canceled voluntary insurance product premiums. If I cancel the voluntary insurance products after the first thirty (30) days, I will receive a credit on my loan for the unearned portion of the voluntary product premiums. Upon crediting the loan with such amounts, my monthly payment will be lowered for the remainder of the loan to reflect the credit to the loan amount, although, at my option, I may continue making my monthly payment in the amount set forth in this Note. All requirements for property insurance must be met prior to you processing the cancellation of property insurance. In the event that you determine that I am not eligible for a voluntary insurance product that I purchased, I understand you may cancel such product and that I will receive a credit to my loan as if I canceled the product within the first thirty (30) days of my loan, even if you determined such ineligibility after the first 30 days of my loan.

**Prepayment:** I may prepay this Note at any time without any prepayment charge. If my Note includes voluntary insurance products, such products will be canceled if I prepay this Note in full and the rebate of any unearned premium(s) will be applied to the total outstanding balance at the time of cancellation in accordance with the terms of my voluntary insurance products.

**Default:** If I default on this Note, you may, at your option: (i) bring suit against me for any delinquent payments; (ii) accelerate and declare due the remaining balance (in which case upon payment in full by me, you will rebate any unearned finance charge as provided in this Note); (iii) foreclose on any security agreement, deed of trust or mortgage on real property or other property which I have given as collateral for the Note; and/or (iv) take any other action authorized under any security agreement, deed of trust or mortgage I have granted securing this Note or authorized by applicable law. I will pay you all costs you incur in collecting this Note, and taking, repossessing, holding, preparing for sale and selling any collateral for the Note (subject to the limitation on attorney's fees set forth above).

**Governing Law:** I agree that this Note and loan shall be governed and construed under applicable Federal law and the laws of the State of Alabama (without regard to its conflicts of law provisions).

**Broker Representations:** I acknowledge that any broker involved in the transaction is not your agent, and you are not bound by any of my broker's representations.

**Lender's Errors:** I understand and acknowledge that you do not intend to charge or collect any interest, charge, or fee that is more than the law allows. If you charge or collect any amount over what the law allows, at your election, you will either refund the excess amount to me or apply the excess amount first to the principal balance due under this Note as a partial payment without any prepayment charge. If I have paid this Note in full, you will refund any excess amount. If any part of this Contract is fully determined to be unenforceable under any law, rule or regulation, all other parts of this Contract still are valid and enforceable.

**Tax Deductions:** I acknowledge that you have made no promises to me nor advised me in any way whether the Finance Charges and fees are "interest" that I may deduct on my tax returns. I should consult a tax advisor about deducting Finance Charges and fees on my tax returns.

**Recording and Release Fee:** I agree to pay all fees required to record, obtain, continue, and terminate any security interest or lien granted to secure this Note.

**General Provisions:** I, as well as all other persons signing this Note as borrower, co-borrower or guarantor, waive demand for payment, protest and notice of protest and non-payment and all pleas of division and discussion, and agree that our liability under this Note shall be "joint and several " with each other. We further agree that discharge or release of any party or collateral securing this Note, extension of time for payment, or delay in enforcing any rights granted to you will not cause you to lose any rights under this Note. I additionally agree to provide you with a current financial statement or additional financial information, including a copy of my most recent federal income tax return, upon request.

**Severability:** Any unenforceable portion of this Note will be severed and the remainder will be enforceable.

**Jury Waiver: TO THE MAXIMUM EXTENT PERMISSIBLE UNDER APPLICABLE LAW, YOU AND I WAIVE THE RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY CLAIM, WHETHER IN CONTRACT, TORT OR OTHERWISE, ARISING FROM OR RELATING TO THIS LOAN. THIS PROVISION IS A MATERIAL INDUCEMENT FOR YOU TO MAKE THIS LOAN.**

**CLASS ACTION WAIVER.** To the extent permitted by law, I and Lender waive the right to (a) participate in a class action in court, mediation or arbitration, either as a class representative or class member, (b) act as a private attorney general in court, mediation or arbitration, and/or (c) join or consolidate claims of any other person or entity.

**Communications Consent:** By providing Lender and any of its affiliates, agents, service providers, successors or assigns (collectively for purposes of this paragraph, "you") the number of my land line(s), cell phone(s) or other wireless device(s) and my email address(es), now and in the future, I expressly consent and agree that you may call or text me, using an automatic telephone dialing system or otherwise, leave me a voice, prerecorded, or artificial voice message, or send me a text, e-mail, or other electronic message for any purpose related to the servicing or collection of my account or for other informational purposes related to my account(s) (each a "Communication"). I agree that you may call or text me at any telephone number I provide to you in connection with my account(s) now or in the future, including cellular telephone numbers, and may send an e-mail to any email address that I provide to you now or in the future. You will not charge me for a Communication, but my telephone service provider may. In addition, I understand and agree that you may always communicate with me in any manner permissible by law that does not require my prior consent. I agree that you may monitor and record any telephone calls to assure the quality of service, for training or for other purposes. I understand that if I do not want to receive calls from you, I may contact you at www.republicfinance.com or 7031 Commerce Circle, Baton Rouge, LA 70809. I have authority to provide this consent because I am the subscriber of the telephone number or I am a customary user who has authority to consent to these communications. My authorization overrides any internal privacy and solicitation preference I have previously expressed to Lender, but only for purposes associated with this transaction.

---

**NOTICE OF FURNISHING NEGATIVE INFORMATION: LENDER MAY REPORT INFORMATION ABOUT MY ACCOUNT TO CREDIT BUREAUS. LATE PAYMENTS, MISSED PAYMENTS, OR OTHER DEFAULTS ON MY ACCOUNT MAY BE REFLECTED IN MY CREDIT REPORT.**

---

**CONTINUE TO SECURITY AGREEMENT ON PAGE 3**
**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

2 of 3

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

Case 6:26-cv-00986-AGM-NWH    Document    Filed 06/16/26    Page 8 of 17 PageID

**SECURITY AGREEMENT**

**Secured Indebtedness:** For purposes of this Contract, the term "Indebtedness" means: (1) my indebtedness under the above Note (including principal, interest, late charges, NSF check charges, other fees, costs, expenses, and attorney's fees) and under all extensions, modifications, substitutions and renewals of my Note; (2) any additional funds that you may advance on my behalf as provided under this Contract; and (3) any other loans, promissory notes, indebtedness and obligations that I (or any of us) may now and in the future owe to you, whether direct or indirect, absolute or contingent, liquidated or unliquidated, due or to become due, of every nature and kind whatsoever, and whether or not in any way related to my loan evidenced by the above Note. However, to the extent that my Indebtedness is secured under this Contract by my principal residence, the term "indebtedness" will not include the additional loans, notes, indebtedness and obligations mentioned in (3) above, unless you comply with any subsequent disclosure requirements of Federal Reserve Board and Regulation Z.

**Grant of Security Interest:** In order to secure the prompt and punctual payment and satisfaction of my (or any of our) present and future Indebtedness as defined above, I am granting you a continuing security interest in my property described on the face side of this Contract (the "Property") and/or Schedule A and all proceeds thereof, including without limitation, equipment purchased with proceeds. The term "Property" also includes all improvements, additions, repair and replacement parts to the Property, whether added now or later, together with all insurance proceeds and refunds of insurance premiums, if any, and all sums that may be due from third parties who may cause damage to the Property or from any insurer, whether due to judgment, settlement or other process. However, this Contract does not grant to you a non-purchase money security interest in any household goods as defined at 16 C.F.R. 444.

**Covenants:** I agree that the Property will secure the Indebtedness until the full and final payment of the Indebtedness. I agree not to sell or transfer the Property or to allow any other security interests or liens to be placed on or to attach to the Property without your prior written consent. In the event that I should sell or transfer the Property without first obtaining your prior written consent, I agree that such an unauthorized sale or transfer will constitute a breach of this Contract, which will entitle you to cause the Property to be immediately seized and sold in accordance with applicable law. I agree to make all necessary repairs to and not to abandon the Property and to further abide by all laws, rules and regulations with regard to the use of the Property. I agree that you shall have the right to inspect the Property at reasonable times. I agree to maintain insurance on the Property at my expense for as long as the Indebtedness remains unpaid and unsatisfied. This insurance is to be in the amount and of the types required by you and must be issued by a financially responsible insurance company or companies acceptable to you. I additionally agree that you will be named as a non-contributory lender loss payee beneficiary under my insurance policy or policies. I further agree to provide you with original copies of my insurance policies along with evidence that I have paid the policy premiums and all renewal premiums. I agree to promptly pay all taxes, assessments and governmental charges that may be assessed against the Property and to furnish you with evidence that such taxes, assessments and charges have been paid. I also agree to grant you a limited power of attorney to negotiate and settle any claims I may have under any such insurance policy covering the Property and to endorse any draft or check which are the proceeds of such insurance. I agree not to use the Property for any illegal purpose.

Should I fail to purchase and maintain insurance on the Property, or fail to pay taxes, assessments and governmental, charges when due, or should I allow any other liens or security interests to attach to the Property, or should I fail to maintain and repair the Property as required under this Contract, then you to the maximum extent permissible under applicable law, shall have the right (at your sole option and without any responsibility or liability to do so) to purchase insurance coverage of such type and amount as you deem appropriate to protect your interests, to pay such taxes, assessments and governmental charges, to satisfy any liens or encumbrances against the Property, and to make such repairs to the Property as you may deem within your sole discretion to be necessary and appropriate. I agree to immediately reimburse you for all additional sums which you may advance for such purposes, together with interest at the State Contract Rate provided in my Note from the date of each such advance until I repay you in full. All such additional sums shall be secured under this Contract. I ACKNOWLEDGE THAT IF YOU SO PURCHASE ANY INSURANCE, THE INSURANCE MAY PROVIDE LIMITED PROTECTION AGAINST PHYSICAL DAMAGE TO THE PROPERTY, UP TO AN AMOUNT EQUAL TO THE LESSER OF: UP TO AN AMOUNT EQUAL TO THE LESSER OF (1) THE UNPAID BALANCE OF THE DEBT EXCLUDING ANY UNEARNED FINANCE CHARGES, OR (2) THE VALUE OF THE PROPERTY; HOWEVER, MY EQUITY IN THE COLLATERAL MAY NOT BE INSURED. IN ADDITION, THE INSURANCE MAY NOT PROVIDE ANY PUBLIC LIABILITY OR PROPERTY DAMAGE INDEMNIFICATION AND MAY NOT MEET THE REQUIREMENTS OF ANY FINANCIAL RESPONSIBILITY LAWS. I authorize you to release to third parties any information necessary to facilitate insurance and tax monitoring and insurance placement.

**Location of Property:** Unless otherwise indicated, the Property will be kept at my address indicated on the face side of this Contract. I agree not to remove the Property from the State of Alabama for a period in excess of sixty (60) consecutive days without first obtaining your prior written consent.

**Default and Acceleration:** Should I (or any of us) default under any of the Indebtedness or any of my obligations under this Contract, I agree that you shall have the right at your option: (i) to bring suit against me for any delinquent payments; (ii) accelerate and declare due the remaining balance of the Indebtedness (in which case upon payment in full by me, you will rebate any unearned finance charge as provided in this Contract); (iii) take or repossess the Property; and/or (iv) exercise any other remedies available under applicable law. I will pay you all costs you incur in collecting this Contract, and taking, repossessing, holding, preparing for sale and selling the Property. I agree that you may take possession of the Property in any manner then permitted under the laws of the state in which the Property is then located. Should you for any reason have or acquire possession of the Property at or following default, I agree that you may sell the Property at public auction or private sale as authorized by Alabama law or the applicable provisions of the Uniform Commercial Code in effect in the state where the Property is then located. If you are required by law to give me notice of the public or private sale of the Property, I agree that the requirements of reasonable notice shall be met if you mail such notice to me at my last address appearing in your records at least (21) days (or such less period of time as may be permitted by applicable law) before the time of the sale or disposition. I agree to pay your out-of-pocket collection costs and expenses incurred in collecting the Indebtedness and in enforcing your security interest (subject to the limitation on attorney's fees set forth in the above Note). I further agree to pay any additional collection costs and expenses authorized under the Alabama Uniform Commercial Code. All such out-of-pocket collection costs and expenses shall become part of the Indebtedness secured by this Contract and shall be payable on demand, with interest at the State Contract Rate provided in my Note from the date of each such expenditure until repaid. Any remaining proceeds from the sale of the Property after payment of the Indebtedness will be paid to me. If there is a deficiency, I will pay it.

**Miscellaneous:** I authorize you to file a UCC-1 financing statement or, alternatively, a copy of this Contract to perfect your security interest. I agree, at your request, to sign all other documents that are necessary to perfect, protect and continue your security interest in my Property. I agree to reimburse you for any costs of filing amendments to or continuations of my financing statement and authorize you to add such amounts to the then unpaid balance of my Note secured under this Contract. I further agree that any failure on your part to exercise any right or option that you may have under this Contract or under applicable law will not be construed as a waiver by you of such rights or options. I additionally agree that the loss, damage or destruction of the Property will not release me from my obligations under this Contract. Paragraph headings are for convenient reference and are not to be construed as a complete summary of each paragraph.

**SIGNATURE LINES ON PAGE 2**



In this Contract (including the above Promissory Note, Truth in Lending Disclosure Statement, and Security Agreement) the words "I," "me," "my," "we," "us" and "our" individually, collectively and interchangeably mean each person signing this Contract as borrower, co-borrower or guarantor. The words "you," "your" and "yours" mean the Lender named on the face side of this Contract and its transfers and assigns. This Contract and any arbitration agreement constitute the entire agreement between the parties and no modification or amendment of this Contract shall be effective unless in writing. All provisions of this Contract which are prohibited by applicable law shall be ineffective to the extent of such prohibition without invalidating any other provisions of this Contract.



**Guaranty**

I (We) jointly, severally and solidarily unconditionally guarantee payment of the above Note and all renewals, modifications, substitutions and extensions thereof and agree to all of the Note's terms and conditions. **The obligations and related claims of the parties to this Combination Promissory Note, Truth in Lending Disclosure Statement, and Security Agreement, are subject to the Arbitration Agreement signed as part of this transaction.**

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

_____          _____
Guarantor                                              Guarantor

[ ] **(Not applicable unless checked) NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**All motorists are required by law to be covered by an automobile liability policy with legally prescribed liability limits, which is not included in the insurance listed above. Failure to obtain liability insurance in legally prescribed amounts may result in penalties, including suspension or revocation of driving privileges.**

**Notice/Acknowledgment Regarding Property Insurance:**
1. I/we have granted you a security interest in the Property as collateral for my indebtedness to you.
2. I/we are required to maintain insurance on the Property given as collateral for our obligation to you.
3. If I/we fail to maintain the required insurance, I/we have authorized you to secure the required insurance at my/our expense.

**These requirements and authorizations are set forth in the Contract**

**This loan is pledged to Wells Fargo Bank, N.A. (together with its successors and assigns), as agent for various financial institutions**

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

3 of 3

# EXHIBIT "2"

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

**BINDING (MANDATORY) ARBITRATION AGREEMENT AND WAIVER OF JURY TRIAL**
**READ this agreement carefully. By signing below, you agree to this Arbitration Agreement.**

**Under this Agreement, you or Lender may elect to arbitrate disputes between the parties, in which case, such disputes will then be resolved by BINDING ARBITRATION if not settled first. You thus GIVE UP YOUR RIGHT TO GO TO COURT or to BRING OR PARTICIPATE IN A CLASS ACTION over those disputes. Your rights will be determined by a NEUTRAL ARBITRATOR, NOT A JUDGE OR JURY. You are entitled to a FAIR HEARING, BUT arbitration procedures are MORE LIMITED THAN RULES IN COURT. Arbitrator decisions are enforceable in court but are subject to VERY LIMITED REVIEW BY A COURT. This Agreement also contains a <u>JURY WAIVER FOR ALL DISPUTES</u> between you and Lender, even those that are not arbitrated. CONSULT A LAWYER BEFORE SIGNING if you do not understand this agreement. <u>You have the right to reject this Agreement for 30 days</u> (see below for more information).**

1. **Agreement to Arbitrate.** You and Lender agree that, as a material inducement for the parties to enter into the loan and as consideration for your loan, any claim, dispute or controversy between you and Lender whether in contract or tort or under common law, any state or federal constitution, any statute, regulation, or local law, or otherwise ("<u>Claims</u>" or "<u>Claim</u>"), arising out of, in connection with, or relating to any of the following in any way, directly or indirectly, shall, at the election of either party, be resolved by binding arbitration and not by a court action: your loan (see definition in Section 2 below); your relationship with the Lender; any applications, advertisements, oral or written statements or communications, disclosures, electronic communications, collection efforts, collateral, and/or insurance related to your loan; any disclosure of your information by Lender to any party; Lender's supervision and/or training of employees and agents; and/or the existence, applicability, enforceability, or scope (including whether a dispute is arbitrable) of this Arbitration Agreement (the "Agreement"). Claim also includes any cross-claim or counterclaim. For the avoidance of doubt, Claim has the broadest meaning possible under this Agreement. Under this Agreement, if a party elects arbitration, the parties give up the right to a trial in court. The arbitrator's decision cannot be appealed and is subject to only limited judicial review.

2. **Additional Definitions.** In this Agreement, "<u>Lender</u>", also "<u>us</u>", means (a) Republic Finance, LLC; and (b) all of the members, managers, directors, officers, employees, principals, agents, successors, assigns, vendors, or present or future affiliated companies of those persons listed in subsections (a) ; and (c) any other persons who may be liable with those persons listed in subsections (a) and (b); "<u>you</u>," and "<u>your</u>" mean the borrower(s), co-maker(s), co-signer(s), debtor(s) (anyone granting a security interest in Property) and guarantor(s), and their respective heirs, executors, successors, assigns, administrators, trustees, trustees in bankruptcy and any other person claiming rights arising out of, in connection with, or relating to your relationship with Lender; and "<u>your loan</u>" means any Check, Loan Guarantee, Cash Voucher, Including Federal Disclosure Statement, Note and Security Agreement, any loan or extension of credit to you or guaranteed by you (including extensions, renewals, or modifications), and any past or future transactions or loans between you and Lender, from or by Lender, and any and all documents signed by or provided to you in connection with any of the foregoing. Notwithstanding anything else herein, any Claim you have against any entity or person identified in (a), (b), or (c) may be joined or consolidated with any related Claim you have against any other entity or person identified in (a), (b), or (c) in a single-claimant non-class arbitration proceeding or single-plaintiff non-class lawsuit in Small Claims Court (as defined in Section 3).

3. **Exclusions From Ability to Elect Arbitration.** Both parties retain the right to file and litigate a single-plaintiff non-class lawsuit in Alabama Small Claims Court or an equivalent court in Alabama ("Small Claims Court Action"), provided (i) such Small Claims Court Action is within the scope of such Small Claims Court's jurisdiction; (ii) such Small Claims Court Action does not seek to certify a class, combine the Claims of multiple persons (except as set forth in Section 2); and (iii) such Small Claims Court Action does not seek to recover damages in excess of the limit permissible for a Small Claims Court Action under applicable state law. Furthermore, this exclusion from the other party's right to elect arbitration shall not apply to any such Small Claims Court Action that is transferred, removed, or successfully appealed from Small Claims Court to any different court. Additionally, both parties retain the right to exercise self-help remedies (i.e., those that do not involve a court) including but not limited to set-off, recoupment, or repossession. However, you retain the right to file a single-plaintiff non-class lawsuit to prevent Lender from using any such self-help remedy or to assert a Claim directly related to the use of any such self-help remedy, so long as such single-plaintiff non-class lawsuit does not involve a request for monetary relief of any kind. Filing and litigating a Claim in a Small Claims Court Action, as described in this Section, or exercising self-help, as also described in this Section, will not waive any party's right to elect to arbitrate any other Claim as permitted under this Agreement.

4. **Demanding and Initiating Arbitration.** Except for the exclusions set forth in Section 3, a party can elect to arbitrate any Claim, even if a party has already initiated litigation in court related to the Claim, by: (a) making a written demand upon the other party to arbitrate the Claim or (b) filing in court a motion to compel arbitration of the Claim. Under (a), the demanding party shall initiate arbitration as set forth in Section 5 within thirty (30) days of such written demand. Under (b), the movant shall initiate arbitration as set forth in Section 5 within thirty (30) days of an order compelling arbitration. As alternatives to (a) and (b), a party can elect to arbitrate any Claim by immediately initiating the arbitration as set forth in Section 5. For costs associated with initiating arbitration please see Section 8 of this Agreement. If the electing party fails to timely initiate arbitration in accordance with this Agreement, the non-electing party may proceed with a single-plaintiff non-class lawsuit.

5. **Arbitrator.** The American Arbitration Association ("<u>AAA</u>") will administer any arbitration required under this Agreement. You may initiate arbitration of a Claim with AAA by contacting the organization at www.adr.org or at 1-800-778-7879. If AAA is unwilling or unable to serve, and you and Lender are unable to agree on an alternative arbitrator, a court with jurisdiction will select the arbitrator. In lieu of proceeding with AAA, the parties may agree to select a substitute arbitration organization or local arbitrator who is an attorney, retired judge, or arbitrator registered and in good standing with an applicable organization.

6. **Procedure.** The AAA Consumer Arbitration Rules will apply to arbitrations (collectively the "<u>Rules</u>"). Contact AAA or Lender for copies of the Rules or visit https://www.adr.org/sites/default/files/Consumer%20Rules.pdf for the Consumer Arbitration Rules. One neutral arbitrator will decide all Claims and shall honor claims of privilege recognized at law. The arbitrator shall apply applicable substantive law, including applicable statutes of limitations, and may award any remedy or relief that a state or federal court in Alabama could order in a single-plaintiff non-class lawsuit. In-person arbitration conferences and hearings, if any, will occur in the county where you signed the Agreement, you reside or were served with the arbitration demand, or another reasonably convenient place to you as determined by the arbitrator, unless applicable laws require another location. In connection with any arbitration, discovery will be available for non-privileged information to the fullest extent permitted under the Rules. At the timely request of either party, the arbitrator shall write a brief explanation of the grounds for the arbitrator's decision.

7. **<u>CLASS ACTION WAIVER. NEITHER YOU NOR LENDER WILL HAVE THE RIGHT TO (A) PARTICIPATE IN A CLASS ACTION IN COURT, MEDIATION OR ARBITRATION, EITHER AS A CLASS REPRESENTATIVE OR CLASS MEMBER, (B) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT, MEDIATION OR ARBITRATION, OR (C) EXCEPT AS OTHERWISE SET FORTH IN SECTION 2, JOIN OR CONSOLIDATE CLAIMS WITH CLAIMS OF ANY OTHER PERSON OR ENTITY. THE ARBITRATOR SHALL NOT HAVE AUTHORITY TO CONDUCT ANY CLASS, PRIVATE ATTORNEY GENERAL OR MULTIPLE-PARTY PROCEEDING (EXCEPT AS OTHERWISE SET FORTH IN SECTION 2) OR TO ISSUE ANY RELIEF THAT APPLIES TO ANY PERSON OR ENTITY EXCEPT YOU AND LENDER INDIVIDUALLY. NOTWITHSTANDING ANYTHING ELSE HEREIN, THE ENFORCEABILITY OF THE CLASS ACTION WAIVER SHALL BE DETERMINED BY A COURT.</u>**

8. **Fees; Costs.** Regardless of who elects arbitration, Lender shall pay for any filing, administration, and arbitrator fees in accordance with the Rules; provided, however, that if you initiate arbitration, you will pay the filing fee to the extent required by the Rules but, in no event will you pay more than the cost of filing a lawsuit in state court. In the case of extreme hardship, Lender will consider a good faith request by you to pay your filing fee. Each party will have the right to be represented by an attorney of his or her choosing. Throughout the arbitration, each party shall bear his or her own attorneys' fees and costs, such as witness and expert witness fees; however, if you prevail on a Claim in arbitration that, by law, requires an award of attorney fees and costs to you, the arbitrator will award you those fees and costs in accordance with such law.

Doc ID: 5c5ace366b51f425e52b81087726c33212365d87
The original document is owned by Republic Finance and this copy was created on Aug 29, 2024 10:29:29 AM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

9. **Applicable Law; Other.** The parties acknowledge and agree that this Agreement is made pursuant to a transaction involving interstate commerce. Therefore, the parties agree that the enforceability and interpretation of this Agreement shall be governed by the Federal Arbitration Act ("FAA") to the fullest extent possible, notwithstanding anything else herein or any state law to the contrary. To the extent that it is found that the FAA does not apply to this Agreement, in whole or in part, and any appeal on that finding has been exhausted, then this Agreement shall be governed, to the extent the FAA is found not to apply, by the law of the State of Alabama's arbitration code, if any. This Agreement governs if it conflicts with your loan or the Rules. This Agreement is binding upon and benefits you, us, and our respective heirs, successors, assigns and third parties. The Agreement shall continue in full force and effect, even if any party's obligations have been paid, charged off, or discharged through bankruptcy. This Agreement shall survive any termination, amendment, expiration or performance of any loan or other transaction between any of the parties and shall continue in full force and effect unless otherwise agreed in writing by the parties. An arbitration award may be enforced in any court with jurisdiction. In the event more than one agreement to arbitrate between you and Lender applies to a Claim and there is a conflict among such agreements, the most recently effective agreement shall apply to the Claim.

10. **Severability.** Any unenforceable portion of this Agreement will be severed and the remainder shall be enforceable. However, if the Class Action Waiver is invalid, then this Agreement is unenforceable in its entirety.

11. **<u>JURY WAIVER.</u> WHETHER ANY CLAIM BETWEEN YOU AND LENDER IS ARBITRATED OR RESOLVED BY A COURT, YOU AND LENDER WAIVE THE RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH CLAIM TO THE MAXIMUM EXTENT PERMISSIBLE UNDER APPLICABLE LAW. YOU UNDERSTAND THAT, TO THE MAXIMUM EXTENT PERMITTED BY LAW, YOU ARE GIVING UP THE RIGHT TO A TRIAL BY JURY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER TO MAKE THIS LOAN.**

12. **RIGHT TO REJECT.** You may reject this Agreement within thirty days of the date of the Agreement by sending Lender a letter addressed to Republic Finance, Attn: SVP, Legal & Compliance, 7031 Commerce Circle, Baton Rouge, LA 70809. Your letter rejecting the Agreement must use words that clearly convey your election to reject this Agreement. The letter must also include your name, address, phone number, and your loan account number. Please retain a copy of the letter you send. In the event any person signing the Agreement rejects the Agreement, all persons on the Agreement shall also be considered to have rejected the Agreement. Notwithstanding anything else herein, any rejection of arbitration will apply only to this Agreement (and not to any prior or subsequent arbitration agreement into which you have entered or will enter with us). If you do not reject this Agreement, it is effective on the date of the Agreement.

**CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THE AGREEMENT BEFORE YOU SIGN IT. <u>BY SIGNING BELOW, YOU ACKNOWLEDGE YOU HAVE CAREFULLY READ THIS AGREEMENT AND UNDERSTAND ITS TERMS AND CONDITIONS.</u>**

THUS DONE AND AGREED by and between the undersigned borrower and the Lender on this the <u>29</u> day of <u>August</u>, <u>2024</u>.

**THIS IS A BINDING ARBITRATION AGREEMENT THAT MAY BE ENFORCED BY THE PARTIES.**

Borrower(s) (and/or Guarantors and/or debtors (including any non-borrower granting a security interest)):

_____
Benjamin D. Tarver

_____

Lender:
REPUBLIC FINANCE, LLC

By: _____
Printed Name: _____Konstantina Charmanta_____
Title: _____Loan Officer_____

4976797_1                    Original to File

Doc ID: 5c5ace366b51f425e52b81087726c33212365d87

The original document is owned by Republic Finance and this copy was created on Aug 29, 2024 10:29:29 AM.

# EXHIBIT "3"



# CONSUMER ARBITRATION RULES
# DEMAND FOR ARBITRATION

## Review Your Information

### Claimant Party - "Benjamin Tarver"

**Member Information**

| First Name | Last Name | Company Name | Address | City | State | Zip | Country | Email | Phone |
|---|---|---|---|---|---|---|---|---|---|
| Benjamin | Tarver | | 101 Lake Ave Apt 1706 | Orlando | FL | 32801 | US | bentarverflorida@gmail.com | 6194676809 |

**Representative Information (if known)**

| First Name | Last Name | Firm Name | Address | City | State | Zip | Country | Email | Phone |
|---|---|---|---|---|---|---|---|---|---|
| Benjamin | Tarver | | 101 Lake Ave Apt 1706 | Orlando | FL | 32801 | US | bentarverflorida@gmail.com | 6194676809 |

### Respondent Party - "Republic Finance, LLC"

**Member Information**

| First Name | Last Name | Company Name | Address | City | State | Zip | Country | Email | Phone |
|---|---|---|---|---|---|---|---|---|---|
| | | Republic Finance, LLC | 7031 Commerce Cir. | Baton Rouge | LA | 70809 | US | rwolfe@wolfejones.com | 2259270005 |

**Representative Information (if known)**

| First Name | Last Name | Firm Name | Address | City | State | Zip | Country | Email | Phone |
|---|---|---|---|---|---|---|---|---|---|
| T | Wolfe | Wolfe, Jones, Wolfe, Hancock, Daniel & South, LLC | 905 Bob Wallace Avenue | Huntsville | AL | 35801 | US | rwolfe@wolfejones.com | 2565342205 |



**CONSUMER ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

## Dispute Information - "Consumer"

| | |
|---|---|
| **Which party is sending in the filing documents?** | Consumer |
| **Time-Imposed Deadlines** | Yes |
| **Agreed to Mediate** | No |
| **Agreed to Mediator** | No |
| **Mediator's Name** | Not Applicable |
| **Does the agreement call for 1 or 3 arbitrators?** | 1 |
| **Do You Have Court Order?** | Yes |
| **Brief Description of the Dispute** | Dispute involving personal loan, collection communications, and inaccurate credit reporting, including alleged violations of the FCRA for improper verification and state consumer protection statutes related to prohibited electronic communications. |
| **Type of Claim** | Both Monetary and Non-Monetary |
| **Amount in Dispute** | $51,307.00 |
| **Fee Schedule** | Standard Fee Schedule |
| **Amount Enclosed?** | $225.00 |
| **Other Relief Sought** | Attorney fees<br>Arbitration Costs<br>Punitive/Exemplary<br>Other [Other,Declaratory judgment] |
| **Virtual Hearing** | Yes |
| **Estimated time needed for hearings(s) overall** | 0 Days & 4 Hrs |
| **Hearing Locale** | Virtual Hearing |

Please visit our website at www.adr.org/support to file this case online.

AAA Customer Service can be reached at 800-778-7879.

Page 2 of 2

**From:** Benjamin Tarver
**Sent:** Wednesday, April 22, 2026 2:45 PM
**To:** AAA Tami Miller
**Cc:** Hoffmann, Jonathan
**Subject:** Re: Benjamin Deray Tarver v. Republic Finance, LLC - Case 01-26-0001-0672


**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Miller,

I am writing regarding Case No. 01-26-0001-0672.

1. I am amending the total claim amount to $103,000. This amount includes statutory damages and actual damages arising from the alleged violations of the Fair Credit Reporting Act, including emotional distress damages associated with the alleged willful violations. Please confirm the correct procedure for submitting the amended demand through AAA WebFile.

2. Please update my contact email on this case to: litigation@civilfilings.com. Let me know if any additional steps are required on my end to complete the update.

I will file any required amended documents through the portal once you confirm the correct process.


On Wed, Apr 22, 2026 at 1:32 PM <TamiMiller@adr.org> wrote:

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.

**From:** BENJAMIN TARVER
**Sent:** Wednesday, May 06, 2026 9:40 AM
**To:** AAA Tami Miller
**Cc:** jhoffmann@balch.com; Walker, Christopher K.
**Subject:** Notice of Increased Arbitration Demand – Tarver v. Republic Finance, LLC – AAA Case 01-26-0001-0672

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Miller,

I am writing to provide an update regarding this matter. The respondent has filed a Motion to Compel Arbitration and a Motion to Stay Discovery in the related Florida action. I do not oppose the relief requested in those filings. Copies are attached for the administrative record.

Because all claims will now proceed exclusively in arbitration, I am amending my demand to reflect the full scope of alleged violations. This includes twelve (12) alleged violations of the Florida Consumer Collection Practices Act and approximately forty-three (43) alleged violations of the Fair Credit Reporting Act.

My original arbitration demand was based on a credit report obtained in January 2026. I previously disputed the inaccurate information with the credit bureaus, and the respondent verified the information as accurate. I have since obtained a new credit report in May 2026, and the disputed information remains uncorrected. The continued reporting of the disputed information constitutes additional alleged FCRA violations and ongoing harm, including emotional distress and other actual damages. The amended claim reflects statutory, actual, and punitive damages associated with these allegations.

Accordingly, I am updating the total claimed damages from $103,000 to $228,000.

Please update the case file to reflect the amended amount.  Thank you.

**Benjamin Tarver**
**Self-Represented Litigant**

P 619.467.6809  |  Fax: 877-268-4932

litigation@civilfilings.com

450 South Orange Ave, 3rd Floor, Orlando, FL  32801

## Quistorff, Gabe

| | |
|---|---|
| **From:** | BENJAMIN TARVER <litigation@civilfilings.com> |
| **Sent:** | Tuesday, June 2, 2026 8:26 AM |
| **To:** | TamiMiller@adr.org; Hoffmann, Jonathan; Quistorff, Gabe; Jones, Irving |
| **Subject:** | Amended Demand – Tarver v. Republic Finance, LLC – AAA Case 01-26-0001-0672 |

Ms. Miller,

Claimant hereby amends the demand based on newly-arising conduct. On May 27, 2026, Experian issued a new dispute determination confirming that Republic Finance verified the same disputed information a second time, despite having already received formal litigation notice in this arbitration.

This constitutes an additional alleged willful violation of the Fair Credit Reporting Act and materially increases the alleged punitive exposure. Accordingly, Claimant amends the total claimed amount from $325,000 to $380,000. This amendment is based solely on new violations occurring after the prior amendment.

Claimant will continue to amend as additional violations occur.

**Benjamin Tarver**
**Self-Represented Litigant**

P  407.308.2968  |  Fax: 877-268-4932

litigation@civilfilings.com

450 South Orange Ave, 3rd Floor, Orlando, FL  32801

1