UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BENJAMIN D. TARVER,

      Plaintiff,

v.

REPUBLIC FINANCE, LLC.,

      Defendant.

Case No.: 6:26-cv-00986-AGM-NWH

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on July 20, 2026. Pro se Plaintiff Benjamin Tarver and Christopher K. Walker, Counsel for Defendant, attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 8/4/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 8/18/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br>Plaintiff | 2/2/2027 |
| Defendant | 3/2/2027 |
| Rebuttal | 3/30/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 6/1/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 7/1/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Enter mediator's name, address, and phone number. | 8/1/27 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 8/27/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 9/3/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 9/10/2027 |

| | |
|---|---|
| Month and year of the trial term. | October 2027 |

The trial will last approximately 1-2 days and be

☒ jury.

☐ non-jury.

## 3.  Description of the Action

Plaintiff brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72. Plaintiff alleges that Defendant Republic Finance, LLC furnished and verified materially inaccurate, misleading, contradictory, and internally inconsistent information concerning Plaintiff's consumer loan account after receiving notice of Plaintiff's disputes from consumer reporting agencies. Plaintiff further alleges that Defendant failed to conduct a reasonable investigation, failed to review and respond appropriately to the disputed information, and continued furnishing or verifying the challenged reporting after notice. Plaintiff also alleges that Defendant continued sending electronic collection communications after receiving written notice concerning communications. Plaintiff alleges that Defendant's conduct was negligent and/or willful and seeks actual damages, statutory damages, punitive damages where authorized, costs, interest, and other appropriate relief.

Defendant denies Plaintiff's allegations, denies that it violated the FCRA or FCCPA, and denies that Plaintiff is entitled to the relief requested. Defendant contends that it accurately furnished information concerning Plaintiff's account, reasonably investigated any disputes transmitted by consumer reporting agencies, and complied with all applicable legal obligations. Defendant further disputes liability, causation, damages, willfulness, and Plaintiff's entitlement to statutory or punitive damages.

Plaintiff's claims against Defendant in this action are also currently pending in an active arbitration before the American Arbitration Association (the "AAA"). Defendant's Motion to Compel Arbitration (Doc. 14), through which Republic

3

seeks to consolidate Plaintiff's claims in this action with the same claims pending in arbitration, is currently pending before the Court.

## 4.  Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

## 5.  Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6.  Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7.  Preliminary Pretrial Conference

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

**Defendant:** Defendant requests a preliminary pretrial conference to address the pending motion to compel arbitration.

**Plaintiff:** Plaintiff does not join in Defendant's request and does not believe a preliminary pretrial conference is necessary. Defendant's motion to compel arbitration has been filed, Plaintiff has filed a response in opposition, and Defendant has filed a reply. The motion is fully briefed and may be resolved on the parties' written submissions. Plaintiff does not identify any separate case-management issue requiring a conference before entry of the scheduling order.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.   The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒   Yes.
   ☐   No; instead, the parties agree to these changes:

B.   Discovery may be needed on these subjects:

   Plaintiff: Plaintiff anticipates obtaining the evidence necessary to support his claims primarily from third parties and does not currently expect to serve requests directly on Defendant. Plaintiff reserves the right to seek information from Defendant if necessary based on its pleadings,

defenses, disclosures, third-party productions, or other developments in the case.

Plaintiff is not seeking damages for emotional distress, mental anguish, humiliation, embarrassment, reputational injury, reduced credit score, denial of credit, lost wages, diminished earning capacity, general financial hardship, the monetary value of personal time, or comparable personal or noneconomic harm. Except for any specific economic loss expressly alleged in the operative complaint, Plaintiff is not placing his medical, psychological, employment, income, general financial, unrelated credit, or personal history at issue as a component of damages.

Discovery directed solely toward those disclaimed categories is not relevant to any damages theory Plaintiff is pursuing, and Plaintiff will object to such discovery. Plaintiff's claims and anticipated discovery instead concern Defendant's conduct, records, procedures, systems, communications, investigations, compliance practices, defenses, willfulness, recklessness, and any systemic aspects of the alleged violations.

<u>Defendant</u>: Defendant does not anticipate discovery will be required in this action, which is due to be compelled to the already pending arbitration before the AAA initiated by Plaintiff in which Plaintiff asserts the same claims against Defendant as he asserts in this action.

C.  Discovery should be conducted in phases:

☒  No.
☐  Yes.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒  No.
☐  Yes.

E.  ☒  The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A),

Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence:

<u>Plaintiff's position:</u> Plaintiff does not currently anticipate seeking discovery from Defendant and therefore does not believe that any special privilege-log, clawback, or Rule 502(d) procedure is necessary at this time. Plaintiff will comply with the Federal Rules if any privilege or work-product issue arises.

<u>Defendant</u>: Defendant does not anticipate discovery will be required in this action, which is due to be compelled to the already pending arbitration before the AAA initiated by Plaintiff in which Plaintiff asserts the same claims against Defendant as he asserts in this action.

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.
☐  Yes.

## 10. Request for Special Handling

☒  The parties do not request special handling.

☐  The parties request special handling. Specifically, describe requested special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

/s/ Benjamin D. Tarver
Benjamin Tarver
Plaintiff, *Pro Se*
7/14/2026

**BALCH & BINGHAM LLP**

/s/ Christopher K. Walker
Christopher K. Walker
Florida Bar No. 117993
Email: cwalker@balch.com
50 N Laura Street, Suite 2100
Jacksonville, FL 32202
Telephone: (904) 348-6879
Facsimile: (904) 396-9001
*Attorney for Defendant*
7/20/2026

## DEFENDANT'S CERTIFICATION THAT ARTIFICIAL INTELLIGENCE WAS NOT USED TO DRAFT THIS FILING

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand

that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

**Plaintiff's Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: Artificial intelligence was used to assist with drafting, editing, formatting, grammar review, and organization of this filing. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

## CERTIFICATE OF SERVICE

I hereby certify that this 20th day of July, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send electronic notice to all parties registered to receive electronic notice, including Plaintiff Benjamin D. Tarver at litigation@civilfilings.com.


*/s/ Christopher K. Walker*
Christopher K. Walker