**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| **BENJAMIN D. TARVER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:26-cv-00986-AGM-NWH** |
| | ) | |
| **REPUBLIC FINANCE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**REPUBLIC FINANCE, LLC'S**
**MOTION TO STAY DISCOVERY PENDING**
**RULING ON ITS MOTION TO COMPEL ARBITRATION**

Defendant, Republic Finance, LLC ("Republic"), moves this Court to stay all discovery issued by Plaintiff, Benjamin D. Tarver, in this action until this Court rules on Republic's pending Amended Motion to Compel Arbitration (Doc. 21, the "Motion to Compel Arbitration"). Discovery, if any, should be pursued in the forum agreed to by the Parties and ordered by both the Mobile and Orange County Courts (as herein defined): the pending arbitration (the "Arbitration") before the American Arbitration Association (the "AAA"), which Tarver himself initiated prior to the commencement of this case. Accordingly, all discovery in this action, including the seven (7) subpoenas Tarver has notified Republic of his intent to issue to various governmental agencies (the "Subpoenas"), should be stayed pending resolution of the Motion to Compel Arbitration. In support, Republic states:

## I.   FACTUAL BACKGROUND

Plaintiff, Benjamin D. Tarver, filed his Complaint (Doc. 1, the "Complaint"), asserting claims against Republic, under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"), and the Florida Consumer Collection Practices Act, § 559.55, Fla. Stat., et seq. (the "FCCPA"). Tarver failed to mention in his Complaint that he is, simultaneous with this action, pursuing FCRA and FCCPA claims against Republic in his prior-filed pending Arbitration before the AAA in accordance with the orders of two different courts: (1) the District Court of Mobile County, Alabama (the "Mobile County Court"), which entered an order on February 24, 2026 compelling the parties to arbitration on *Tarver's own motion*; and (2) the County Court of the Ninth Judicial Circuit in and for Orange County, Florida (the "Orange County Court"), which ordered to arbitration a second action also commenced by Tarver *after* he had already initiated the Arbitration.[1] Republic filed its Motion to Compel Arbitration on June 16, 2026, seeking to consolidate resolution of Tarver's claims in the parties' chosen (and court-ordered) forum—the pending Arbitration. (Doc. 21).

On July 21, 2026, Tarver issued to Republic notices of his intent to issue the seven (7) Subpoenas to the following entities:

---

[1] The factual and procedural history of the actions in the Mobile and Orange County Courts and Tarver's commencement of the Arbitration is set forth more fully in Republic's Motion to Compel Arbitration.

1. The Federal Trade Commission (the "FTC");

2. The Consumer Financial Protection Bureau;

3. The Florida Office of Financial Regulation;

4. The Attorney General of the State of Alabama;

5. The Alabama State Banking Department, Bureau of Loans;

6. The Louisiana Office of Financial Institutions; and

7. The Louisiana Department of Justice.

True and correct copies of the Subpoenas are attached collectively as **Exhibit A**.

## II.    ARGUMENT

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In exercising this discretion, Federal Rule of Civil Procedure 26(c) permits a court to stay discovery if the movant demonstrates good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (Morris, Mag. J.). "[C]ourts have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith." *Morat v. Cingular Wireless LLC*, No. 3:07-CV-1057-J-20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008) (Klindt, Mag. J.); *see also Falcon v. Televisaunivision Digital, Inc.*, No. 8:23-CV-2340-TPB-JSS, 2024 WL 639789, at *1 (M.D. Fla. Feb. 15, 2024) (Sneed, Mag. J.) (collecting cases). Because, as articulated in Republic's Motion to Compel Arbitration, the Court should order the

parties to submit their dispute to arbitration, the Court should enter an order staying all discovery in this action, including issuance of the Subpoenas, so as to protect Republic from incurring the undue burden and expense of responding to harassing, unnecessary, and improper discovery while the Motion to Compel Arbitration remains pending.

By agreeing to arbitrate their disputes, both Tarver and Republic agreed that all aspects of those disputes—including discovery—would be decided by an arbitrator. *See Comsat Corp. v. Nat'l Science Found.*, 190 F.3d 269, 276 (4th Cir. 1999) ("A hallmark of arbitration—and a necessary precursor to its efficient operation—is a limited discovery process."). As the Supreme Court has emphasized, under the Federal Arbitration Act ("FAA"), courts must enforce private agreements to arbitrate according to their terms. *Stolt-Nielsen, S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 682 (2010). Tarver's pursuit of discovery in this forum, before the Court resolves the Motion to Compel Arbitration—*while an active arbitration initiated by Tarver remains pending*—contravenes the intent of the parties under their arbitration agreement, which is to have their claims (and the scope of their discovery) decided by an arbitrator. *See Suarez-Valdez v. Shearson Lehman/American Express, Inc.*, 858 F.2d 648, 649 (11th Cir. 1988) ("The district court erred in refusing to stay discovery. An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules."); *McIntosh v. Hilton Grand*

*Vacations, Inc.*, 2025 WL 1412431, at *1 (M.D. Fla. May 15, 2025) ("This Court may stay discovery pending resolution of a motion to compel arbitration.") (collecting cases); *Bell v. Koch Foods of MS, LLC*, 358 F. App'x 498, 501 (5th Cir. 2009) (affirming district court's denial of discovery where plaintiffs' claims are subject to arbitration agreement).

Allowing discovery to proceed in this case while Republic's Motion to Compel Arbitration is pending deprives the parties of one of the "principal benefits of arbitration," which is to avoid the high costs and time involved in judicial dispute resolution. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (holding the district court abused its discretion by refusing to stay litigation pending resolution of the defendant's non-frivolous appeal of the district court's denial of its motion to compel arbitration). The FAA "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983). It was "Congress' clear intent, in the [FAA], to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Id.* at 22; *see also Hires Parts Serv., Inc. v. NCR Corp.*, 859 F. Supp. 349, 355 (N.D. Ind. 1994) (denying discovery where plaintiff's claims are subject to an arbitration agreement and finding that "permitting discovery on two levels, district court level and arbitration level, is a great waste of resources and frustrates the basic purposes of the

Arbitration Act which is to avoid the delay and expense of litigation"). These objectives of the FAA cannot be met if Tarver is allowed to pursue discovery, including the Subpoenas, while the Motion to Compel Arbitration is pending.

The need to stay discovery in this action is made even more apparent in light of Tarver's noticing of his intent to issue the Subpoenas. The Subpoenas, addressed to seven (7) different governmental agencies are sweepingly overbroad, entirely irrelevant to the parties' claims and defenses, and are the exact kind of harassment and unnecessary expense the parties sought to avoid when they agreed to arbitrate their disputes.[2] For instance, in his Subpoena to the FTC, Tarver seeks production of "a database export or documents sufficient to identify each Consumer Report . . . that names or is coded to [Republic] . . . concerning credit reporting, information furnishing, debt collection, consumer lending, loans, or other financial matters," *since January 1, 2021*. Ex. A at 4. The request is overbroad because it is not restricted to records relating to Tarver, the time period predates the date of Tarver's Republic loan by over 3 years, and the request seeks such broad categories of documents as "other financial matters." *Id.* The other Subpoenas are similarly overbroad and improper. Permitting their issuance would only serve to allow Tarver to proceed with his harassment campaign against Republic, unnecessarily roping in

---

[2] Republic does not waive, and in fact, expressly reserves, the right to seek to quash the Subpoenas or request the Court issue a protective order prohibiting Tarver from pursuing the same by separate motion.

6

government agencies in the process. Requiring Republic to move to quash them would only impose additional undue expense in light of the parties' mandatory agreement to arbitrate and the pending, court-ordered Arbitration *Tarver himself initiated*. Accordingly, all discovery in this action, including Tarver's attempt to issue the Subpoenas, should be stayed pending a ruling on the Motion to Compel Arbitration.

## III.   CONCLUSION

For all the foregoing reasons, the Court should stay all discovery in this case, including Tarver's issuance of the Subpoenas, until Republic's pending Motion to Compel Arbitration is resolved.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), the undersigned attempted to confer with Plaintiff on three separate days, and Plaintiff refused to respond, despite sending emails for other matters in this case. The undersigned contacted Plaintiff via email on July 22, 2026, July 23, 2026, and July 27, 2026, and Plaintiff did not respond to the conferral attempts. The undersigned also contacted Plaintiff via telephone on July 27, 2026, and left a voicemail, and Plaintiff did not return the call.

## CERTIFICATION THAT ARTIFICIAL INTELLIGENCE WAS NOT USED TO DRAFT THIS FILING

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

Respectfully submitted this 28th day of July, 2026.

**BALCH & BINGHAM LLP**

*/s/ Christopher K. Walker*
Christopher K. Walker
Florida Bar No. 117993
Email: cwalker@balch.com
50 N Laura Street, Suite 2100
Jacksonville, FL 32202
Telephone: (904) 348-6879
Facsimile: (904) 396-9001
*Attorney for Defendant*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this 28th day of July, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send electronic notice to all parties registered to receive electronic notice, including Plaintiff Benjamin D. Tarver at litigation@civilfilings.com.

*/s/ Christopher K. Walker*
Christopher K. Walker