UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BENJAMIN D. TARVER,

Plaintiff,

v. Case No.: 6:26-cv-00986-AGM-NWH

REPUBLIC FINANCE, LLC,

Defendant,

_______________________________/

**ORDER**

This matter is before the Court on Defendant Republic Finance, LLC's Motion to Stay Discovery Pending Ruling on its Amended Motion to Compel Arbitration (Doc. 30, the "Motion") and Plaintiff Benjamin Tarver's Response in Opposition (Doc. 34). The Court held a hearing on the Motion on August 18, 2026, at which Plaintiff failed to appear. (Doc. 40). The Motion is due to be granted.

This is one of ten cases filed by Plaintiff, *pro se*, in this District between May 15, and June 22, 2026.[1] Each case is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.,* ("FCRA"), the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693 *et seq*., ("EFTA"), or both, against a credit reporting agency, financial institution,

[1] *Tarver v. Capital One, N.A.*, Case No. 6:26-cv-849-CEM-NWH, *Tarver v. Equifax Information Services, LLC*, Case No. 6:26-cv-1006-CEM-DCI, *Tarver v. Experian Information Solutions, Inc.*, Case No. 6:26-cv-1020-PGB-LHP, *Tarver v. TransUnion, LLC*, Case No. 6:26-cv-01025-PGB-RMN, *Tarver v. Morgan Stanley Smith Barney LLC*, Case No. 6:26-cv-01129-AGM-DCI, *Tarver v. I.C. System, Inc.*, 6:26-cv-01290-JSS-NWH, *Tarver v. Lyft Florida, Inc.*, Case No. 6:26-cv-01328-AGM-CAB, *Tarver v. Bank of America N.A.*, Case No. 6:26-cv-01354-AGM-DCI, and *Tarver v. Marten Transport, Ltd. Corp.*, Case No. 6:26-cv-01366-CEM-DCI.

or other entity with which Plaintiff had some financial arrangement. The Complaint in this case, (Doc. 1), alleges that the Defendant violated the FCRA and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72, by, *inter alia*, failing to properly investigate disputed information regarding Plaintiff's loan and engaging in debt collection activity after written notice. (Doc. 1 at 3, 8-11). Defendant filed a Motion to Compel Arbitration on June 16, 2026. (Doc. 21). The instant Motion was filed a month later and asks the Court to stay discovery pending resolution of the Motion to Compel Arbitration.

The Court has the inherent power to control its docket and manage its cases, including by staying discovery. *Perez v. Mia.-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). The party seeking to stay discovery has "the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Holsapple v. Strong Indus., Inc.*, No. 2:12-cv-355-UA-SPC, 2012 WL 3946792, at *1 (M.D. Fla. Sept. 10, 2012) (citation and internal quotation marks omitted). To engage in this balancing test, it is helpful for the Court to "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation and internal quotation marks omitted).

This Court may stay discovery pending resolution of a motion to compel arbitration. *See, e.g., McIntosh v. Hilton Grand Vacations, Inc.,* No. 6:25-CV-487-WWB-UAM, 2025 WL 1412431, at *1-2 (M.D. Fla. May 15, 2025); *Falcon v. Televisaunivision Digital, Inc.,* No. 8:23-cv-2340-TPB-JSS, 2024 WL 639789, at *1–2 (M.D. Fla. Feb. 15, 2024); *Hillery v. Dick Baird, Inc.,* No. 6:18-cv-1506-ORL-37-TBS, 2019 WL 13082690, at *2 (M.D. Fla. Feb. 25, 2019); *Shireman v. Tracker Marine, LLC*, No. 3:18-cv-740-J-34MCR, 2018 WL 11482799, at *2 (M.D. Fla. Nov. 30, 2018); *Harrell's LLC v. Agrium Advanced (U.S.) Techs., Inc.,* No. 8:10-cv-1499-T-33AEP, 2011 WL 1596007, at *2–3 (M.D. Fla. Apr. 27, 2011); *Morat v. Cingular Wireless LLC,* No. 3:07-cv-1057-J-20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008) ("[C]ourts have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith.") (collecting cases).

In this instance, Defendant has shown good cause and a reasonable basis to stay discovery pending resolution of its Motion to Compel Arbitration. Having taken the required "preliminary peek" at the Motion to Compel Arbitration, the motion is directed to the entire case and, if granted, would result in the Court staying the case pending completion of the arbitration proceedings, with the potential for Plaintiffs' claims against Defendant to be resolved in arbitration. *See Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 841–42 (11th Cir. 2020) (finding that the magistrate judge did not err in staying discovery by taking a "preliminary peek" at the motion to compel arbitration and motion to dismiss, determining "that they were likely meritorious and dispositive of the case"). Plaintiff's response to the Motion to Compel Arbitration essentially

admits that arbitration is the appropriate venue for this dispute—and he did not appear at the hearing. (Doc. 24).[2]

The Court also finds that Defendant's Motion to Compel was filed in good faith, and as a result, discovery will be stayed pending the resolution of the Motion to Compel Arbitration. Plaintiff has already served vastly overbroad discovery in this case, which suggests discovery into the merits could be unnecessarily expensive and time consuming depending on the resolution of the Motion to Compel Arbitration. (*See* Doc. 30-1). If the Motion to Compel Arbitration is granted, the need for merits discovery will be eliminated. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Additionally, Plaintiff has not shown that he will be harmed by a stay. *See id*.

Accordingly, it is

[2] Much of Plaintiff's Response to the Motion to Compel Arbitration is devoted to his argument that Defendant did not properly confer before filing or that the Motion inappropriately mischaracterized his motivations for filing this suit. He also argues that the requested relief is overbroad because it seeks to compel to arbitration "any other claims" Plaintiff may assert. Plaintiff articulates no such claims or other basis to deny the Motion the Compel Arbitration.

**ORDERED** that Defendant Republic Finance, LLC's Motion to Stay Discovery Pending Ruling on its Amended Motion to Compel Arbitration (Doc. 30) is **GRANTED**. All discovery in this matter is **STAYED** pending resolution of the Amended Motion to Compel Arbitration (Doc. 21). All outstanding subpoenas are **QUASHED**.

**DONE** and **ORDERED** in Orlando, Florida on August 18, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE